UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUDLEY BARRINGTON
MITCHELL,

    Plaintiff,

v.                                     Case No. 8:08-CV-1899-T-30TGW

JANET NAPOLITANO, Secretary
Department of Homeland Security,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Dudley Barrington Mitchell's ("Mitchell" or "Plaintiff") Motion for Summary Judgment (Dkt. # 17) and Plaintiff's Supplemental Memorandum in Support (Dkt. # 18), Defendant Janet Napolitano's ("Napolitano" or "Defendant") Memorandum in Opposition to the Motion (Dkt. # 20) and Cross-Motion for Summary Judgment (Dkt. # 21), and Plaintiff's Reply (Dkt. # 27). The Court, having considered the motions and responses, finds that the Defendant's Cross-Motion for Summary Judgment should be granted.

## Background

Plaintiff was born out of wedlock on August 7, 1960, in Kingston, Jamaica, to Muriel Icilda Anderson and Dudley Barrington Mitchell ("Mitchell Sr."). When Plaintiff was born, his mother was married to Ivan Anderson ("Anderson"). In May 1964, Plaintiff's mother

moved to the United States where she subsequently divorced Anderson and married Mitchell Sr., Plaintiff's self-proclaimed biological father.

In March 1969, Plaintiff applied for a visa to move to the United States "to join parents and attend school." (Dkt. # 18, p. 10). Plaintiff listed "Dudley Barrington Mitchell" as his father on the visa application. *Id.* In April 1969, Plaintiff entered the United States as a lawful permanent resident. On November 20, 1975, Plaintiff's mother became a naturalized citizen of the United States. Mitchell Sr. died in June 1987 without becoming a naturalized citizen.

On March 3, 1993, Plaintiff was deported to Jamaica after being convicted of two felonies. Plaintiff subsequently re-entered the United States illegally, and in October 2005, was convicted of selling marijuana and sentenced to 18 months in prison. In June 2006, Plaintiff filed a motion with this Court to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming his counsel was ineffective for failing to argue his derivative citizenship as an affirmative defense. On October 12, 2006, Plaintiff filed an application for a Certificate of Citizenship under former statute 8 U.S.C. § 1432(a)(3), claiming he qualified for derivative citizenship as the son of a naturalized parent. On September 28, 2007, the Bureau of Citizenship and Immigration Services ("BCIS") denied the application. Plaintiff appealed this decision to the Administrative Appeals Office ("AAO"), but the decision was affirmed on May 21, 2008. Relying on the AAO's decision that Plaintiff is not a derivative citizen, and after an evidentiary hearing, this Court denied Plaintiff's § 2255 motion.

Plaintiff filed this suit against the Defendant for a determination that he is entitled to a Certificate of Citizenship. Plaintiff filed a Motion for Summary Judgment asking that he be declared to have derivative citizenship. Defendant filed a Cross-Motion for Summary Judgment asking that the Court declare that Plaintiff is not entitled to derivative citizenship.

## **Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Chelates*, 477 U.S. at 324. The evidence must be

significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a question for the fact finder. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **Res Judicata Standard**

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were litigated or could have been asserted in a prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)(quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). The doctrine of res judicata can be invoked when the following four conditions are met: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." In re *Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

## Discussion

The doctrine of res judicata bars the present suit against the Defendant. Plaintiff brought a § 2255 motion in June 2006 alleging ineffective counsel for failing to argue Plaintiff's derivative citizenship as an affirmative defense against his alien status. (CV 8:07-CV-1066, Dkt. # 26). To prove counsel to be ineffective, Plaintiff first had to show that his derivative citizenship contention was meritorious. A lawyer is not ineffective for failing to make a non-meritorious argument. This Court ruled that Mitchell is not a derivative citizen of the United States and denied his motion to vacate the sentence. (CV 8:07-CV-1066, Dkt. # 34). Plaintiff appealed to the 11th Circuit on the grounds that the Order denying his motion to vacate was issued without addressing his second claim. Plaintiff did not appeal the Court's decision regarding the derivative citizenship claim.

The 11th Circuit remanded for this Court to rule on the remaining issue. This Court denied Plaintiff's remaining claim. After the order regarding Mitchell's second claim was entered, he attempted to appeal to the 11th Circuit again. But the 11th Circuit denied his motion for a certificate of appealability because Plaintiff "failed to make a substantial showing of the denial of a constitutional right." (8:07-CV-1066, Dkt. # 50).

The first factor in determining whether res judicata applies is whether the prior decision was made by a court of competent jurisdiction. This Court had jurisdiction to rule on Plaintiff's § 2255 claim of ineffective assistance of counsel. Therefore, the first factor is met.

To meet the second factor, there has to be a final judgment on the merits. Plaintiff's motion to vacate his sentence was denied upon a ruling that Plaintiff was not a derivative citizen. Plaintiff did not appeal the derivative citizenship issue. That order constituted a final judgment on the merits.

The third factor is met because the same parties are involved both causes of action. "[A]ny lawsuit against an agency of the United States or against an office of the United States in his or her official capacity is considered an action against the United States." *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003). Therefore, an action against the Department of Homeland Security is considered an action against the United States, and the same parties were involved in both causes of action.

Lastly, both cases must involve the same cause of action. In the 11th Circuit, to determine whether two claims are the same, courts look to see "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999). In both cases, Plaintiff argued that he is a derivative citizen of the United States using the same facts regarding his birth, mother's naturalization, age, permanent residency, and legitimation. Therefore, this suit regards the same cause of action as his earlier suit. Because all four factors are met for the doctrine of res judicata, Plaintiff is barred from bringing this suit.

Even if this suit were not barred by res judicata, Plaintiff's arguments would still fail on the merits. In Plaintiff's original complaint (Dkt. # 1), Plaintiff stated that he "was born

out of wedlock . . . to Muriel Icilda Anderson and Dudley Barrington Mitchell" and that "Mrs. Anderson subsequently divorced Mr. Anderson and married Plaintiff's biological father (also named Dudley Barrington Mitchell)." *Id.* at 2. Plaintiff makes the same claims in his § 2255 motion to vacate his sentence from 2006. (8:07-CV-1066, Dkt # 26, p. 2). Plaintiff also declared that Mitchell Sr. was his father in his visa application in 1969. (Dkt. # 18, p. 10).

Plaintiff later states in his Declaration that he was born in wedlock because his mother was married to Anderson at the time of his birth and that his legitimation is not established. (Dkt. # 19). According to *Wilkins v. Georgia Dept. of Human Resources*, "a child born to a mother who is married, but sired by a man other than the mother's husband, is a child 'born out of wedlock.' " 337 S.E.2d 20, 22 (Ga. 1985). Although Plaintiff's mother was married at the time of his birth, Plaintiff has acknowledged that Mitchell Sr., not Anderson, is his biological father. Therefore, Plaintiff was born out of wedlock.

Plaintiff's admissions in his original complaint are binding. *Best Canvas Prods. & Supplies, Inc. V. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983)(stating that there is a "general rule that a party is bound by the admissions in his pleadings"). Further, throughout his § 2255 proceedings, Plaintiff proclaimed Mitchell Sr. to be his father. Plaintiff cannot later change his story in an attempt to qualify as a derivative citizen under the statute. Therefore, this Court will consider Plaintiff to be born out of wedlock and to be the biological son of Mitchell Sr.

Plaintiff sought a Certificate of Citizenship under 8 U.S.C. § 1432(a)(3). According to this statute,

> A child born outside of the United States of alien parents . . . becomes a citizen of the United States upon the fulfillment of the following conditions:
> . . .
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation, and if
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the . . . parent naturalized under clause . . . (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a)(3). Plaintiff was born out of wedlock, his mother was naturalized when he was under 18, and he was a lawful permanent resident at that time of naturalization. Therefore, the only question that must be addressed is whether there is a genuine issue of material fact regarding whether the paternity of Plaintiff had or had not been established by legitimation.

According to 8 U.S.C. § 1101(c)(1), a court can look to the laws of the child or father's residence or domicile, which are Jamaica and New York in this case, to determine legitimation. Plaintiff has been legitimated under both Jamaica and New York laws.

Under Jamaican law, a child is legitimate when the biological parents of the child marry. Jamaican Legitimation Act, Section 2. The Board of Immigration Appeals has reiterated this rule in *Matter of Hines*: "We will deem a child born out of wedlock in Jamaica

to have had his or her paternity established 'by legitimation' only upon proof that the child's parents married sometime after the child's birth." 24 I. & N. Dec. 544, 548 (BIA 2008). Therefore, the subsequent marriage of Plaintiff's mother and Mitchell Sr. in 1968 legitimated his paternity in Jamaica.

Plaintiff's paternity is also legitimated under New York law. Under New York's Domestic Relations Law, "[a] child heretofore or hereafter born of parents who prior or subsequent to the birth of such child shall have entered into a civil or religious marriage...is the legitimate child of both parents." N.Y. Dom. Rel. Law § 24.1 (2008). Plaintiff quotes the commentary of this statute, which says that "where the mother of a child born out of wedlock marries a man, the child is not presumed to be the legitimate child of the man unless he concedes paternity or his paternity is judicially declared or established." *Id.* The commentary also says that this "statute was not intended to establish paternity in contested proceedings." *Id.* This Court has already declared that paternity is not contested in this case, and Mitchell Sr. is Plaintiff's biological father, as Plaintiff has proclaimed many times. If paternity is not contested, then subsequent marriage of the biological parents makes the child legitimate. Therefore, Plaintiff's mother's marriage to Mitchell Sr. makes Plaintiff legitimate under New York law.

Plaintiff's new argument that Anderson is his father because his mother was married to Anderson at the time of his birth is not meritorious. This is an attempt to qualify under the first portion 8 U.S.C. § 1432(a)(3), which states that a child becomes a citizen when "[t]he naturalization of the parent having legal custody of the child when there has been a legal

separation of the parents." Plaintiff now argues that he qualifies under this portion of the statute as a derivative citizen if Anderson is his father because his mother and Anderson subsequently divorced and his mother had legal custody of him. But Plaintiff has already admitted that his biological father is Mitchell Sr. Although Anderson was the spouse of Plaintiff's mother, he was not the parent of Plaintiff. Since Anderson is not Plaintiff's father, this argument is not meritorious.

Because there is no genuine issue of material fact regarding whether Plaintiff had his paternity established by legitimation under both Jamaica and New York law, he is not eligible to qualify for derivative citizenship under 8 U.S.C. § 1432(a)(3).

## Conclusion

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Judgment (Dkt. # 17) is **DENIED**.

2. Defendant's Cross-Motion for Summary Judgment (Dkt. # 21) is **GRANTED**.

3. The Clerk is directed to enter Final Judgment in favor of Defendant and against Plaintiff and close this file.

**DONE** and **ORDERED** in Tampa, Florida on May 20, 2010.

                                                                  _[signature]_
                                                                  JAMES S. MOODY, JR.
                                                                  UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-1899.mitchell order.wpd